IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KEVIN DUCKETT, )
)
      Plaintiff, )
)
   v. ) Civil Action No. 16-1459
)
CAROLYN W. COLVIN, ACTING )
COMMISSIONER OF SOCIAL SECURITY, )
)
      Defendant. )

O R D E R

AND NOW, this 12th day of March, 2018, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401 et seq., and denying Plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. § 1381, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. § 405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it

would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] The Court finds no merit in Plaintiff's position that the Administrative Law Judge ("ALJ") erred in formulating his residual functional capacity ("RFC") pursuant to Ramirez v. Barnhart, 372 F.3d 546 (3d Cir. 2004), because the RFC did not expressly address Plaintiff's moderate limitations in regard to concentration, persistence, and pace. First, in Ramirez, the ALJ had found that the claimant "often" suffered from deficiencies of concentration, persistence, or pace, resulting in a failure to complete tasks in a timely manner, and the Third Circuit Court of Appeals held that the ALJ's RFC determination that the claimant was limited to simple, repetitive one or two-step tasks did not sufficiently take the claimant's deficiencies into account. Here, the ALJ found that Plaintiff had moderate limitations in concentration, persistence, or pace, as the Social Security regulations pertaining to mental impairments were revised, and the evaluation of concentration, persistence, and pace was changed from a five-point scale based on the frequency of the deficiencies to the current five-point severity scale. See Reynolds v. Commissioner of Soc. Sec., 2011 WL 3273522, at *13 (W.D. Pa. July 29, 2011). Although both "often" and "moderate" occupy the middle position in their respective scales, more recent Third Circuit decisions have distinguished Ramirez based on the difference between "often" suffering from these deficiencies and being "moderately" limited in those areas. See McDonald v. Astrue, 293 Fed. Appx. 941, 946-47 (3d Cir. 2008) (noting that the ALJ properly accounted for his finding that the claimant had moderate limitations in concentration by limiting him to simple, routine tasks). See also Menkes v. Astrue, 262 Fed. Appx. 410, 412 (3d Cir. 2008) ("Having previously acknowledged that [the claimant] suffered moderate limitations in concentration, persistence and pace, the ALJ [properly] accounted for these mental limitations in the hypothetical question by restricting the type of work to 'simple routine tasks.'"). The continuing validity of Ramirez under the new severity scale, therefore, is questionable.

More importantly, though, in Ramirez, the ALJ had limited the claimant to simple, repetitive one or two-step tasks. Here, the mental limitations found by the ALJ in the RFC were more extensive and specific. The ALJ found that Plaintiff was:

> limited to understanding, remembering, and carrying out simple instructions and performing simple, routine tasks, such as those akin to requirements of work at the SVP 1 or SVP 2 levels; [was] limited to no work related interaction with the public, only occasional and superficial interaction with coworkers, and only occasional supervision; and [was] limited to a low stress work environment, which means no production rate pace work, but rather, goal-oriented work with only occasional and routine changes in work setting, defining routine change as that which does not require alteration in work method.

(R. 21). These limitations went far beyond a limitation to simple, repetitive one or two-step tasks or "unskilled work" and properly accounted for Plaintiff's deficiencies in concentration,

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (document No. 12) is DENIED and that Defendant's Motion for Summary Judgment (document No. 14) is GRANTED.

s/Alan N. Bloch<br>United States District Judge

ecf:        Counsel of record

---

persistence, and pace. Indeed, in finding, at Step 3 of the sequential analysis, that Plaintiff had moderate limitations in concentration, persistence, and pace, the ALJ stated that his Step 3 analysis was not an RFC assessment and that the RFC assessment at Steps 4 and 5 required a more detailed assessment by itemizing various functions contained in the broader categories, such as concentration, persistence, and pace, employed at Step 3. (R. 21). This demonstrates that the ALJ did not fail to address Plaintiff's issues regarding concentration, persistence, and pace, but rather dealt with them in a more specific manner at Steps 4 and 5.

Plaintiff contends that the ALJ's RFC determination, while focused on the type of work that he could perform, failed adequately to account for his ability to stay on-task. However, as noted, the RFC in this case specifically limited Plaintiff to low stress work and no production rate pace work, which clearly related to his ability to stay on-task. In fact, the ALJ expressly tied such restrictions to Plaintiff's limitations in concentration. (R. 23). Plaintiff suggests that additional limitations, such as additional absences and rest breaks, should have been included in the RFC, but the ALJ expressly rejected such limitations suggested by Dr. Sawrabt Bhardwaj and Pamela White, BSN, RN. (R. 23-25). The ALJ discussed his rationale at some length, citing to specific record medical evidence, and substantial evidence supports his determination.

Accordingly, for all of the reasons stated herein, the Court affirms the ALJ's decision.